UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONNIE SCOTT COOPER,

        Plaintiff,

v.                            Case No. 3:13-cv-106-J-12TEM

DEPARTMENT OF CORRECTIONS,
MEDICAL, et al.,

        Defendants.

---

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate who is incarcerated at the Reception and Medical Center (RMC), initiated this action by filing an untitled pleading (Complaint) (Doc. #1), in which he requests the Court to "help" him with his "medical conditions." To the extent that Plaintiff requests the Court to direct the medical staff at RMC to send him to a neurosurgeon at Memorial Hospital in Jacksonville to address issues related to his back pain, Plaintiff has failed to comply with the strictures of Fed. R. Civ. P. 65 and Local Rules 4.05 and 4.06. Moreover, he has failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Fed. R. Civ. P. 65(c).

Additionally, he did not properly prepare a proposed form of temporary restraining order and preliminary injunction in accordance with the requirements contained in Rule 65(b) and (d), Fed. R. Civ. P.

This Court is of the opinion that injunctive relief is not warranted at this time.

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Id.

Citizens for Police Accountability Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam), cert. denied, 130 S.Ct. 2141 (2010). Plaintiff has failed to meet his burden of establishing that there is a substantial likelihood of success on the merits, that injunctive relief is necessary to prevent irreparable injury, that the threatened injury outweighs the harm that the requested injunctive relief would cause to the Defendants, and that the injunction would not be adverse to the public interest.

Insofar as Plaintiff may be attempting to raise claims regarding the conditions of his confinement, he has failed to use

the appropriate civil rights complaint form to present his claims. Plaintiff also failed to either pay the $350.00 filing fee or file a request to proceed as a pauper. Thus, this case will be dismissed without prejudice to Plaintiff's right to properly initiate a civil rights case to address any allegedly unconstitutional conditions of his confinement, if he elects to do so.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's request for injunctive relief, in his Complaint (Doc. #1), is **DENIED**.

2. The **Clerk** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent Form and Financial Certificate" to Plaintiff. If Plaintiff elects to initiate a civil rights action in a separate case, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to file a civil rights case. In initiating such a case, Plaintiff should **either** file a fully completed "Prisoner Consent Form and Financial Certificate" and "Affidavit of Indigency" (if he desires to proceed as a pauper) **or** pay the $350.00 filing fee (if he does not desire to proceed as a pauper).

3.   This case is **DISMISSED WITHOUT PREJUDICE**.

4.   The **Clerk** shall enter judgment dismissing this action without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 7TH day of February, 2013.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

sc 2/4
c:
Ronnie Scott Cooper

- 4 -